PYRAMID METALS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102354.   Promulgated July 22, 1941.

*Morris Glasser*, *C. P. A.*, and *Charles Melvoin*, *C. P. A.*, for the petitioner.
*Alvin B. Peterson*, *Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency in income tax of $146.95 and a deficiency in excess profits tax of $49.37, each for the calendar year 1938.   The only issue for decision is whether or not the petitioner is entitled to a deduction of $822.78 representing the portion of the real estate taxes for the year 1938 which was applicable to the period from August 1, 1938, to the end of the year. The facts have been stipulated and the stipulation is adopted as the Board's findings of fact.

The Cleveland Realty Corporation owned a piece of property in Chicago, Illinois, which was rented by Lakeside Upholstery Co.   The latter had an option to purchase the property by meeting any outside offer.   The petitioner made an offer on February 26, 1938, to purchase the property on August 1, 1938.   This offer recognized the option of the Lakeside Upholstery Co.   The Chicago Realty Corporation accepted the offer subject to its terms and conditions and gave notice of the offer to the Lakeside Upholstery Co. on February 26, 1938.   Lakeside never exercised its option and sale was made of the premises to the petitioner on August 1, 1938.   The petitioner, in the settlement, received credit for seven-twelfths of the real estate taxes on the property for 1938.   The petitioner paid the real estate taxes on the property for 1938 in two installments of $987.34 each.   The first was paid on June 2, 1939, the second on September 5, 1939.   Five-twelfths of the real estate taxes for 1938 amounted to $822.78.   The petitioner kept its books and filed its return for the calendar year 1938 upon an accrual basis.   The petitioner accrued on its books for 1938 and claimed on its return for that year an item of $900.16 representing

five-twelfths of the estimated amount of the real estate taxes on the property for the year 1938. The Commissioner, in determining the deficiency, disallowed the deduction.

The petitioner claims the right to deduct $822.78 as taxes under section 23 (c) of the Revenue Act of 1938. The parties agree that these real estate taxes in the State of Illinois accrued on April 1, 1938. The petitioner first endeavors to show that it became the equitable owner of the property prior to that date, on February 26, 1938, when its offer to purchase was accepted and a deposit of $5,000 was made. The facts show, however, that it did not acquire any title, equitable or otherwise, to the property at that time. The offer and acceptance involved only a sale of the property on August 1, 1938, and not on any prior date. Furthermore, the tenant of the property had the refusal of it after the owner had received the offer. The petitioner became the owner of the property on August 1, 1938, and not prior thereto. Thus, it was not the owner of the property when these taxes accrued and became a lien.

The case of *Edward C. Kohlsaat*, 40 B. T. A. 528, involved real estate taxes on property in Illinois and the Board held that they were deductible as taxes only by the owner of the property on April 1 in the year to which the taxes applied. The Board was simply following a long and consistent line of cases, the theory of which was that the purchaser, who is charged in his settlement with the seller, or who later pays the taxing authorities, amounts which had accrued as taxes or become a lien on the property prior to the time that he acquired title, has made no payment qua taxes but has merely paid a part of the purchase price to acquire a clean title. See discussion in *Commissioner* v. *Coward*, 110 Fed. (2d) 725. Although most of the cases have involved a claim by the purchaser to deduct all of the taxes for the year of purchase or for a prior year (see *Grand Hotel Co.*, 21 B. T. A. 890; *Leamington Hotel Co.*, 26 B. T. A. 1004; *Alden Anderson*, 27 B. T. A. 980; *Missouri State Life Insurance Co.*, 29 B. T. A. 401; affirmed on this point, 78 Fed. (2d) 778; *Texas Coca-Cola Bottling Co.*, 30 B. T. A. 736; *California Sanitary Co., Ltd.*, 32 B. T. A. 122; *Merchants Bank Building Co.*, 32 B. T. A. 1072; affd., 84 Fed. (2d) 478; *Gatens Investment Co.*, 36 B. T. A. 309; *T. H. Banfield*, 42 B. T. A. 769; *American Liberty Oil Co.*, 43 B. T. A. 76; *Falk Corporation* v. *Commissioner*, 60 Fed. (2d) 204; *Lifson* v. *Commissioner*, 98 Fed. (2d) 508), proration of taxes was involved in at least two cases. *First Bond & Mortgage Co.*, 27 B. T. A. 430, and *Walsh-McGuire Co.* v. *Commissioner*, 97 Fed. (2d) 983. The claim to the deduction was denied in all of those cases where the taxes had accrued or become a lien before the purchaser had acquired title. The cases of *Commissioner* v. *Rust*, 116 Fed. (2d) 636, and *Carondelet*

*Building Co.* v. *Fontenot*, 111 Fed: (2d) 267, are not exceptions to the rule, since the taxes allowed as deductions in those cases did not accrue or become liens until after title had passed to the new purchaser.

The one case out of line which has come to our attention is *Supplee* v. *Magruder*, 36 Fed. Supp. 722, from the District Court for the District of Maryland. The taxpayer in that case claimed the right to deduct taxes allocable to that portion of the year during which he was the owner of the property and the court allowed the deduction. Judge Chesnut, who wrote the opinion, attempted to distinguish prior cases on the ground that they involved claims to deduct taxes for prior years, but, as a matter of fact, many of the cases cited above involved taxes for the year of purchase, and in the two cases mentioned above prorating was considered and rejected. Furthermore, the question decided by the court in the *Supplee* case is present in practically every case, potentially at least, since most sales must take place within some taxing year. The long established rule based on sound reason should not be plowed under at this late date, and with all due respect to the District Court, we do not agree with the *Supplee* decision.

The petitioner also contends that this deduction should be allowed for 1938 in order to clearly reflect income. See section 43. That section was not designed to cover minor items such as this and, obviously, it has no application where the taxpayer can not show that it is entitled to a deduction of some kind under some other provision of the statute.

Reviewed by the Board.

*Decision will be entered for the respondent.*

SMITH, dissenting: "Taxes paid or accrued within the taxable year" are deductible from gross income. Sec. 23 (c), Revenue Act of 1938.

On August 1, 1938, petitioner acquired real estate in the city of Chicago at a cost of $33,000. Under the terms of the contract of purchase, dated February 26, 1938, rents, water taxes, and insurance premiums were to be adjusted pro rata between the seller and the purchaser as of the date of delivery of the deed, which was on August 1, 1938. On that date there were delinquent taxes due on the property. The grantor was charged with those delinquent taxes and also with seven-twelfths of the taxes payable for the year 1938. From August 1, 1938, the petitioner was the owner of the property and received the rents therefrom. It accrued upon its books for the balance of the calendar year five-twelfths of the taxes for the taxable year. It claimed the deduction of those taxes in its income tax return for

1938. The respondent says that these may not be deducted and that they must be treated as a part of the cost of the property. The Board sustains the respondent upon this point.

The net result of this holding is that the full deduction of the taxes paid upon the real estate for 1938 is available to no one. I do not think that is the proper construction of the statute. I think that Congress intended that the full amount of the current year's taxes is deductible by some one. Manifestly, the grantor is not entitled to the deduction of the taxes for the period August 1 to December 31, 1938, because it was not chargeable with them and did not pay them. But I can not see why the grantee, which was the owner of the property and received the income of the property from August 1, 1938, and which paid the taxes, is not entitled to deduct them.

It is quite apparent that the rulings of the Board and of the courts in some tax cases which have come before them are entirely out of line with commercial practice. Ordinarily taxes are adjusted to the date of sale between seller and purchaser. They do not constitute a part of the price at which real estate is sold. The cost of the Chicago real estate purchased by the petitioner in 1938 was $33,000. That was the price that the seller received. Why should a portion of the taxes representing five-twelfths of the 1938 taxes be added to the cost? It seems to me entirely immaterial that the taxes became a lien on the property on April 1, 1938.

I entirely agree with the opinion of the court in *Supplee* v. *Magruder*, 36 Fed. Supp. 722. The court's opinion is, I think, in line with the reasoning of many Board and court opinions. See *Patrick Cudahy Family Co.*, 36 B. T. A. 1147; affd. (C. C. A., 7th Cir.), 102 Fed (2d) 930; *New Orleans Cold Storage & Warehouse Co., Ltd.*, 40 B. T. A. 121; *Carondelet Building Co.* v. *Fontenot* (C. C. A., 5th Cir.), 111 Fed. (2d) 267; *Commissioner* v. *Coward* (C. C. A. 3d Cir.), 110 Fed. (2d) 725; *Estate of H. L. Rust*, 41 B. T. A. 832; affd., *Commissioner* v. *Rust* (C. C. A., 4th Cir.), 116 Fed. (2d) 636.

It is furthermore to be noted that the petitioner kept its books of account on the accrual basis. In *United States* v. *Anderson*, 269 U. S. 422, the Supreme Court said that the accrual basis was for the purpose of enabling taxpayers to "make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period." Under the contract by which the petitioner purchased the Chicago real estate it was required to pay the taxes that were "properly attributable" to the period after August 1, 1938. It is in reason to say that those taxes were a charge against the income of the property during the ownership by the petitioner.